WILKENS & LANGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10649, 29037.   Promulgated March 30, 1929.

*William S. Hammers, Esq.*, for the petitioner.
*Stanley Suydam, Esq.*, and *O. J. Tall, Esq.*, for the respondent.

1184

TRAMMELL: The Commissioner advised the petitioner under date of November 10, 1925, that an audit of its income and profits-tax return "for the calendar year 1919," had resulted in the determination of a deficiency in tax in the amount of $12,169.91. The deficiency was in fact computed on the petitioner's income for the calendar year 1920. The petitioner appealed from the said determination by filing a petition with the Board on January 5, 1926, under Docket No. 10649, in which it was alleged that "the deficiency letter * * * states a deficiency of $12,169.91 for the calendar year 1919 (although 1920 is meant)."

Thereafter, the Commissioner, by letter dated May 21, 1927, advised the petitioner of his determination of a deficiency in tax "for the calendar year 1920" in the same amount as was stated in the prior notice. From this determination, the petitioner appealed by filing a petition with the Board on June 8, 1927, Docket No. 29037. Thus, the two proceedings involve a single deficiency only, for the calendar year 1920, and were consolidated for hearing and decision.

In the petition based on the second deficiency notice the petitioner alleged that assessment and collection of the deficiency for 1920 were barred by limitations. Subsequently, the petitioner, by an amendment to its original petition based upon the first deficiency notice, claimed that the assessment and collection of any deficiency for 1919 were likewise barred.

The proceedings, after consolidation, were heard together upon the question whether the statute of limitations had barred assessment and collection of the deficiency, and we held that the statute did not constitute such bar. See *Wilkens & Lange*, 9 B. T. A. 1127.

The only issue raised by the pleadings which remains for consideration here, is whether, as contended by the petitioner, it is subject to tax for the calendar year 1920 as a trust, or whether, as contended by the respondent, it is subject to tax as an association at the rate applicable to corporations.

The Revenue Act of 1918 provides in section 230 that there shall be levied, collected and paid for each taxable year subsequent to 1918, upon the net income of every corporation, a tax of 10 per centum of the net income in excess of the credits provided in section 236. Section 1 of said Act defines the term "corporation" as including associations, joint-stock companies, and insurance companies. The respondent determined that the petitioner was an "association" within the meaning of section 1 of the 1918 Act, and therefore taxable at the corporation rate.

The Revenue Act of 1928 provides—

SEC. 704. TAXABILITY OF TRUSTS AS CORPORATIONS—RETROACTIVE.

(a) If a taxpayer filed a return as a trust for any taxable year prior to the taxable year 1925 such taxpayer shall be taxable as a trust for such year and not as a corporation, if such taxpayer was considered to be taxable as a trust and not as a corporation * * * under any ruling of the Commissioner or any duly authorized officer of the Bureau of Internal Revenue applicable to any of such years, and interpretative of any provision of the Revenue Act of 1918, * * * which had not been reversed or revoked prior to the time the return was made * * *.

The uncontroverted facts show that the petitioner herein filed a return for the calendar year 1920 as a trust. This was a fiduciary return on Form 1041, and was filed with the collector of internal revenue for the first district of Texas, on March 15, 1921. The respondent determined for the first time on November 10, 1925, that the petitioner was taxable as an association or corporation. It follows that, under the retroactive provisions of section 704 of the 1928 Act, *supra*, the petitioner is taxable as a trust for said year and not as a corporation, if it was considered to be so taxable " under any ruling of the Commissioner or any duly authorized officer of the Bureau of Internal Revenue " applicable to said year, and " which had not been reversed or revoked prior to the time the return was made."

The question, then, is whether or not the petitioner was considered to be taxable for said year as a trust under any ruling of the Bureau of Internal Revenue which had not been reversed or revoked prior to the time the return was made.

In *E. A. Landreth Co.*, 15 B. T. A. 655, we reviewed at length the rulings of the Bureau on this question, and in that connection, said:

* * * Beginning in the year 1919 and including the period July–December, 1922, the Bureau of Internal Revenue was consistently ruling that irrespective of whether the taxpayer was engaged in business under the corporate forms, it was taxable as a trust in all cases where the share-holders could not control the actions of the trustees.

The evidence in these proceedings clearly establishes that during the year 1920 the petitioner operated under a declaration of trust, whereby the three trustees named therein were vested with the complete, exclusive, and unrestricted control and management of its business. Otherwise, the form of organization was substantially similar to that of corporations.

Since the shareholders of the petitioner herein could not control the actions of its trustees, we can only conclude that the petitioner was considered to be taxable for the year 1920 as a trust under the rulings of the Bureau of Internal Revenue, set forth in our opinion in the

1190

*Landreth* case, *supra*, and which rulings·had not been reversed or revoked prior to the time the return was made.

We hold, therefore, that for said year the petitioner is taxable under section 704 of the 1928 Act, *supra*, as a trust and not as an association. And, since the total net income of the trust was distributable to the beneficiaries and was reported by them as income, it follows that the petitioner, as a trust, is not taxable thereon for said year. Section 219 (d), Revenue Act of 1918. Accordingly, there is no deficiency and the action of the respondent is reversed.

> *Judgment of no deficiency will be entered for the petitioner.*